

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

| | |
|---|---|
| DON WOJTOWICZ,<br>Institutional ID No. 152303,<br><br>    Plaintiff,<br><br>v.<br><br>LUBBOCK COUNTY DETENTION<br>CENTER,<br><br>    Defendant. | §<br>§<br>§<br>§<br>§   CIVIL ACTION NO. 5:19-CV-166-BQ<br>§<br>§<br>§<br>§<br>§<br>§ |

### REPORT AND RECOMMENDATION

Proceeding pro se and *in forma pauperis*, Don Wojtowicz filed this action under 42 U.S.C. § 1983 alleging that he received constitutionally inadequate medical care while detained at the Lubbock County Detention Center (LCDC). Compl. 3–4, ECF No. 1. As a result, Wojtowicz seeks monetary damages and injunctive relief. *Id.* at 4.

Wojtowicz filed his Complaint on August 14, 2019, and the United States District Judge transferred this case to the undersigned United States Magistrate Judge for further proceedings. ECF Nos. 1, 10. The undersigned thereafter reviewed Wojtowicz's Complaint, as well as authenticated records provided by Lubbock County, and conducted an evidentiary hearing on December 12, 2019, in accordance with *Spears v. McCotter*, 766 F.2d 179, 181–82 (5th Cir. 1985). ECF No. 15, 16.

Not all parties have consented to proceed before the undersigned magistrate judge. In accordance with the order of transfer, the undersigned makes the following Report and Recommendation to the United States District Judge.

I. **Standard of Review**

A court must dismiss a complaint filed *in forma pauperis* by a prisoner against a government entity or employee if the court determines that the complaint is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2) (2017); *see also* § 1915A(b) (applying section to any suit by a prisoner against certain governmental entities, regardless of whether the prisoner is proceeding *in forma pauperis*). A frivolous complaint lacks any arguable basis, either in fact or in law, for the wrong alleged. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint has no arguable basis in fact if it rests upon clearly fanciful or baseless factual contentions, and similarly lacks an arguable basis in law if it embraces indisputably meritless legal theories. *See id.* at 327; *Geiger v. Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). When analyzing a prisoner's complaint, the court may consider reliable evidence such as the plaintiff's allegations, responses to a questionnaire, and authenticated prison records. *See Wilson v. Barrientos*, 926 F.2d 480, 483–84 (5th Cir. 1991); *see also Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999) (explaining that responses to a questionnaire are incorporated into the plaintiff's pleadings); *Banuelos v. McFarland*, 41 F.3d 232, 234 (5th Cir. 1995) (holding that courts may dismiss prisoners' *in forma pauperis* claims as frivolous based on "medical and other prison records if they are adequately identified or authenticated" (internal quotations omitted)).

In evaluating the sufficiency of a complaint, courts accept well-pleaded factual allegations as true, but do not credit conclusory allegations or assertions that merely restate the legal elements of a claim. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016). And while courts hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, such

plaintiffs must nevertheless plead factual allegations that raise the right to relief above a speculative level. *Id.* (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

## II. Discussion

### A. Wojtowicz's Claims

In his Complaint, Wojtowicz names LCDC as the sole Defendant. Compl. 1, 3. At the *Spears* hearing, however, Wojtowicz stated that he also intended to sue Doe Defendants employed by "Star Medical," who worked at LCDC. Tr. 2:16:43–:17:18. Wojtowicz claims that he suffered a hernia in March 2019 while in LCDC custody. Compl. 4. He alleges that although he sought medical treatment for the hernia, the Doe Defendants advised him that they would "not fix or treat [his] hernea [sic]." Compl. 4. Wojtowicz generally concedes that LCDC provided medical care for his various ailments, including the hernia, but not the treatment he preferred. Tr. 2:18:48–:59, 2:22:58–:26:49; *see* Compl. 4 ("I have been treated with stool softners [sic] and pain meds (treating the symptoms) not the injury."). According to Wojtowicz, Doe Defendants should have referred him for a surgical consultation and surgically repaired the hernia during the seven months he was detained. Tr. 2:26:50–:27:23.

### B. Wojtowicz has not pleaded facts establishing that Defendants violated the Constitution through deliberate indifference to his serious medical needs.

The Constitution imposes on government officials the duty to provide adequate medical care.[1] *Rogers v. Boatright*, 709 F.3d 403, 409 (5th Cir. 2013). An inmate seeking to establish a constitutional violation in regard to medical care must allege facts showing that prison officials

---

[1] As a pretrial detainee at the time in question, Wojtowicz's rights derive from the Fourteenth Amendment rather than the Eighth Amendment. *See Hare v. City of Corinth*, 74 F.3d 633, 639 (5th Cir. 1996) (en banc) (stating that pretrial detainee's rights "flow from both the procedural and substantive due process guarantees of the Fourteenth Amendment"). Because basic human needs (such as medical care) are the same for pretrial detainees and convicted inmates, however, courts apply the same standard under either amendment. *Gibbs v. Grimmette*, 254 F.3d 545, 548 (5th Cir. 2001).

3

were deliberately indifferent to his serious medical needs. *Morris v. Livingston*, 739 F.3d 740, 747 (5th Cir. 2014) (quoting *Wilson v. Seiter*, 501 U.S. 294, 297 (1991)) (explaining that because "only the 'unnecessary *and wanton* infliction of pain' implicates the Eighth Amendment, a prisoner advancing such a claim must, at a minimum, allege 'deliberate indifference' to his 'serious' medical needs" (emphasis in original)). Deliberate indifference "is an extremely high standard to meet" (*Brewster v. Dretke*, 587 F.3d 764, 770 (5th Cir. 2009) (quotations omitted)), and requires satisfaction of both an objective and a subjective component. *Rogers*, 709 F.3d at 410. An inmate must first prove objective exposure to a substantial risk of serious bodily harm. *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). As to the subjective component, a prison official acts with deliberate indifference only where he (1) knows the inmate faces a substantial risk of serious harm and (2) disregards that risk by failing to take reasonable measures to abate it. *Id.* at 346; *see also Harris v. Hegmann*, 198 F.3d 153, 159 (5th Cir. 1999) (stating that prison official is not liable for denial of medical treatment unless he knows of and disregards an excessive risk to inmate health or safety).

A prison official's "failure to alleviate a significant risk that the official should have perceived, but did not, is insufficient to show deliberate indifference." *Domino v. Tex. Dep't of Criminal Justice*, 239 F.3d 752, 756 (5th Cir. 2001) (quoting *Farmer v. Brennan*, 511 U.S. 825, 838 (1994)) (alterations and internal quotation marks omitted). "[D]eliberate indifference cannot be inferred merely from negligent or even a grossly negligent response to a substantial risk of serious harm." *Thompson v. Upshur Cty.*, 245 F.3d 447, 459 (5th Cir. 2001). Instead, a prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Brewster*, 587 F.3d at 770 (quoting *Farmer*, 511 U.S. at 837); *see Lawson v. Dall. Cty.*, 286 F.3d 257, 262 (5th Cir. 2002)

(holding that deliberate indifference is a "subjective inquiry," and inmate must show prison official was actually aware of risk of harm and consciously ignored it).

Allegations of malpractice, negligence, or unsuccessful treatment fail to establish deliberate indifference. *Gobert*, 463 F.3d at 346. Similarly, an inmate's disagreement with the medical treatment provided does not give rise to a constitutional claim (*Norton v. Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997)), and a delay in delivering medical care creates constitutional liability only where the alleged deliberate indifference results in substantial harm. *Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993). In sum, an inmate must demonstrate that prison staff "refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in any similar conduct that would clearly evince a wanton disregard for any serious medical needs" to state a viable Eighth Amendment claim for deliberate indifference to serious medical needs. *Johnson v. Treen*, 759 F.2d 1236, 1238 (5th Cir. 1985).

Wojtowicz acknowledges that Doe Defendants provided him with medical care for his hernia and other ailments. *See* Compl. 4; Tr. 2:18:48–:59, 2:22:58–:26:49. Wojtowicz contends, however, that instead of "treating the [hernia's] symptoms" (Compl. 4), Doe Defendants should have referred him for a surgical consult and surgically repaired the hernia during his seven-months' detention at LCDC. Tr. 2:26:50–:27:23.

Construed most favorably, Wojtowicz's assertions that Doe Defendants should have surgically repaired his hernia amount to a mere claim for disagreement with treatment, negligence, or malpractice—none of which support a constitutional violation. *Domino*, 239 F.3d at 756; *see also Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (explaining that whether "additional diagnostic techniques or forms of treatment is indicated is a classic example of a matter for medical judgment"); *Watson v. Basse*, 539 F. App'x 432, 432–33 (5th Cir. 2013) (explaining that prisoner's

assertions that the defendants' "treatment regimen was too conservative, and that their diagnostic and palliative efforts were insufficient" constituted "disagreements with his medical treatment and . . . allegations of negligence[, which] do not state valid claims of deliberate indifference"); *Auguillard v. Toce*, Civil Action No. 14-394-JJB-RLB, 2015 WL 5093842, at *5 (M.D. La. Aug. 27, 2015) (citing cases for support) (reasoning that "a decision to refer an inmate for additional treatment, tests or evaluation is a matter of professional medical judgment that the courts will not normally second-guess in the context of a claim of deliberate medical indifference"). Wojtowicz has not, therefore, pleaded facts showing that Doe Defendants ignored his complaints, intentionally treated him incorrectly, or otherwise engaged in conduct that evidences a wanton disregard for his serious medical needs in violation of the Constitution.

The authenticated records also belie Wojtowicz's claim that Doe Defendants generally provided constitutionally inadequate medical care. The records show, and Wojtowicz agrees, that on April 1, 2019, Wojtowicz submitted a sick call request (SCR) complaining of a "large mass" near his groin. Within twelve hours of receiving the SCR, an LCDC nurse examined Wojtowicz and noted that he appeared to have a hernia. The nurse counseled Wojtowicz to avoid excessive exercise or climbing and to submit another SCR if his symptoms worsened. On April 11, 2019, LCDC medical staff again examined Wojtowicz in response to his complaint of a hernia.[2] And between April 12 and September 5, 2019, the authenticated records show that LCDC medical personnel examined Wojtowicz at least fifteen more times for various reasons, including dental, mental health, and general medical care. At the *Spears* hearing, Wojtowicz acknowledged that he received the foregoing care. Tr. 2:22:58–:26:49.

---

[2] The records reflect that the medical employee advised Wojtowicz that a hernia would not make his Crohn's disease worse. According to the employee's notes, Wojtowicz became upset and told the employee that he would file an SCR every day until he received corrective surgery by a University Medical Center doctor.

Thus, the records show, and Wojtowicz concedes, that the LCDC medical department was responsive to Wojtowicz's medical complaints and did not refuse to treat or otherwise ignore his medical needs, serious or otherwise. *See Ramirez v. Stacks*, 260 F. App'x 658, 259 (5th Cir. 2007) (holding that the magistrate judge could rely on authenticated medical records to determine whether the plaintiff received constitutionally adequate care without making impermissible credibility determinations). Although Wojtowicz believes LCDC officials should have referred him for surgery to treat his hernia, such a disagreement in treatment does not rise to the level of a constitutional violation. *Domino*, 239 F.3d at 756. The district court should therefore dismiss Wojtowicz's deliberate indifference claim against all Defendants.

## C.     **LCDC is not a proper Defendant in this § 1983 action.**

To the extent Wojtowicz alleges claims against LCDC, the district court should dismiss such claims. A plaintiff cannot bring a civil rights action against a servient political agency or department unless such agency or department enjoys a separate and distinct legal existence. *Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313–14 (5th Cir. 1991); *Torti v. Hughes*, No. 3:07-CV-1476-M, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007) (citing cases for support) ("Federal courts in Texas have uniformly held that entities without a separate jural existence are not subject to suit."). LCDC is not a separate legal entity with jural authority. *See, e.g., Darby*, 939 F.2d at 313 (holding a police department is not a jural entity); *Finley v. Lubbock Cty. Det. Ctr.*, Civil Action No. 5:16-CV-209-BQ, 2017 WL 6761924, at *4 (N.D. Tex. Oct. 31, 2017) (holding that LCDC does not have the capacity to be sued); *Dale v. Officer Bridges*, No. 3:96-CV-3088-AH, 1997 WL 810033, at *1 n.1 (N.D. Tex. Dec. 22, 1997) (holding that Dallas County Jail is not a jural entity subject to suit).

Moreover, LCDC is not a proper Defendant under § 1983. Section 1983 provides for liability against any *person* who, acting under color of law, deprives an individual of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. LCDC is not a "person" against whom a § 1983 claim for money damages can be asserted. *See Lapides v. Bd. of Regents of Univ. Sys. of Ga.*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Ranson v. McPherson*, 119 F.3d 1, 1997 WL 367472, at *1 (5th Cir. June 10, 1997) (citing *Will*, 491 U.S. at 71) (affirming dismissal of, inter alia, deliberate indifference claim against county detention center because it was not a person under § 1983). Thus, Wojtowicz's claims against LCDC should be dismissed.

### III. Recommendation

For these reasons, the undersigned recommends that the United States District Court dismiss Wojtowicz's Complaint and all claims therein with prejudice in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

### IV. Right to Object

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within fourteen days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2017); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's Report and Recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge

that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated: March 19, 2020.

D. GORDON BRYANT, JR.
UNITED STATES MAGISTRATE JUDGE